NOT FOR PUBLICATION                                              (Document No. 4)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CAVINI G. ANDRO, Individually and as Administrator of the Estate of RENEE ANDRO, deceased,<br><br>   Plaintiffs,<br><br>   v.<br><br>UNION CARBIDE CORPORATION,<br><br>   Defendant. | Civil No. 13-5249 (RBK/KMW)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter arises out of Decedent Renee Andro's illness and subsequent death due to her alleged exposure to asbestos products, asbestos fibers, and asbestos dust.

Currently before the Court is Defendant Union Carbide Corporation's ("UCC") motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), (Doc. No. 4), which the Court will treat as a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, UCC's motion to dismiss will be **GRANTED**.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Cavini G. Andro sued individually and on behalf of his deceased wife, Renee Andro, in the New Jersey Superior Court, Law Division, Middlesex County, on July 16, 2013. The Complaint alleges the wrongful death of Ms. Andro due to her exposure to asbestos from 1962 to 1986 while her husband worked as a mechanic at various jobsites including, but not limited to, George's Auto Service, and when he worked as an electrician from 1966 to 1986 at

"the Deepwater Generating Station, Salem Nuclear Plant, and Vineland Chemical Company." (Compl. ¶ 1.) Mr. Andro alleges that UCC produced and sold material containing asbestos, which he claims ultimately caused Ms. Andro's death on September 18, 2010. (Id. ¶ 2.) The Complaint asserts seven counts including, inter alia, negligence, strict products liability, and breach of warranty, and recovery is premised on New Jersey's wrongful death statute, N.J. Stat. Ann. § 2A:31–1,1 the survival statute, N.J. Stat. Ann. § 2A:15–3, and loss of consortium.

UCC removed the action to this Court on August 30, 2013, pursuant to 28 U.S.C. § 1446, alleging that jurisdiction was proper under 28 U.S.C. § 1332, and moved for judgment on the pleadings on September 6, 2013. (Doc. No. 4.) As of this date, Plaintiff has not opposed UCC's motion or responded in any way.

## II.  LEGAL STANDARD

Under Fed. R. Civ. P. 12(c), a court will grant judgment on the pleadings if, on the basis of the pleadings, no material issue of fact remains and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 12(c); DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d Cir. 2008). The standard governing a Rule 12(c) motion is the same as the one governing motions to dismiss under Rule 12(b)(6). See Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004). The Court must accept the nonmoving party's well-pleaded factual allegations as true and construe those allegations in the light most favorable to the nonmoving party, see Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), but will disregard any unsupported conclusory statements, see DiCarlo, 530 F.3d at 262-63.

As with a Rule 12(b)(6) motion, in deciding a Rule 12(c) motion the court generally does not consider matters outside the pleadings. Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 257 (3d Cir. 2004). The court, however, may consider matters of public record, orders and

2

exhibits attached to the complaint.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

Generally, Rule 12(c) motions are only proper once the pleadings are closed.  "'[T]he peladings are closed for purposes of Rule 12(c) once a complaint and answer have been filed.'" McGuigan v. Conte, 629 F. Supp. 2d 76, 80 (D. Mass. 2009) (quoting Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005)).  Because UCC has not answered Plaintiffs' Complaint or moved to dismiss pursuant to Rule 12(b), the Court will treat UCC's motion as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  See id.; Jung v. Ass'n of Am. Med. Colleges, 339 F. Supp. 2d 26, 35 (D.D.C. 2004) (stating that "if a party files a Rule 12(c) motion before its answer, the Court may treat it as a motion to dismiss under Rule 12(b)(6) for failure to state a claim"), aff'd, 184 F. App'x 9 (D.C. Cir. 2006); Seber v. Unger, 881 F. Supp. 323, 325 n.2 (N.D. Ill. 1995) (describing the "common practice of treating the premature Rule 12(c) motion as a Rule 12(b)(6) motion" and citing cases).  Indeed, "[a]s a practical matter, the conversion makes little difference; the standards under Rules 12(b)(6) and 12(c) are essentially identical." McGuigan, 629 F. Supp. 2d at 80 n.4 (citing Estate of Bennett v. Wainwright, 548 F.3d 155, 163 (1st Cir. 2008)).

### III.  DISCUSSION

UCC argues that the face of Plaintiffs' Complaint demonstrates that their claims are barred by the statutes of limitations for wrongful death and survivor claims in New Jersey.  The Court agrees.

#### A.  Statutes of Limitations

Under New Jersey law, wrongful death and survivor actions must be "commenced within 2 years after the death of the decedent, and not thereafter."  N.J. Stat. Ann. § 2A:31-3; N.J. Stat.

Ann. § 2A:15-3.[1]  Further, accrual of a wrongful death or survivor cause of action will not be postponed by virtue of the discovery rule.  See Presslaf v. Robins, 403 A.2d 939, 940 (N.J. Super. Ct. App. Div. 1979) (stating that the discovery rule is inapplicable to the Wrongful Death Act, which provides a "specific objective event to incept the period of time within which an action must be brought."); see also Fuqua v. Bristol–Myers Squibb Co., 926 F. Supp. 2d 538, 545-46 (D.N.J. 2013) ("because the limitations provision of the Wrongful Death Act is based upon a fixed objective event, the discovery rule is not applicable for tolling purposes"); Anderson v. County of Monmouth, No. 05-1809, 2005 WL 3588531, at *7-9 (D.N.J. Dec. 30, 2005) (holding similarly); Bogerman v. Union Carbide Corp., No. 13-5247, 2013 WL 5674259, at *3 (D.N.J. Oct. 15, 2013) (finding that the reasoning behind not applying the discovery rule to the wrongful death statute applies to survival actions and therefore finding plaintiff's claims barred by the statute of limitations); Cruz v. Atco Raceway, Inc., No. 12-5143, 2013 WL 3283964, at *2 (D.N.J. June 27, 2013) (stressing that "the statute expressly states that a survivorship action must be 'commenced within two years after the death of the decedent.'").

---

[1] Because UCC—a New York corporation with its principal place of business in Connecticut—argues that Plaintiffs' claims are barred by the applicable statutes of limitations, it is necessary to discuss New Jersey's choice-of-law approach to statutes of limitations.  As with the determination as to substantive law, a district court applying state law is obligated to use New Jersey choice-of-law rules to determine what statute of limitations is applicable.  Mack Trucks, Inc. v. Bendix-Westinghouse Auto. Air Brake Co., 372 F.2d 18, 20 (3d Cir. 1966).  The statute of limitations is "ordinarily a matter of procedure . . . and is therefore, like other procedural attributes, controlled by the law of the forum rather than the law of the state whose law otherwise governs the cause of action."  Heavner v. Uniroyal, Inc., 305 A.2d 412, 415 (N.J. 1973).  Thus, the general rule in a New Jersey forum is that New Jersey's statute of limitations will apply.  Id.  The exception would be when New Jersey has no substantial interest in the matter, in which case the statute of limitations of the foreign state applies.  Pine v. Eli Lilly & Co., 492 A.2d 1079, 1082 (N.J. Super. Ct. App. Div. 1985) (citing Heavner, 305 A.2d at 417-18).  However, when the plaintiff in an action is a New Jersey domiciliary at the time of the filing of the action, New Jersey has a sufficient state governmental interest to apply its own statute of limitations.  Id. at 1083.  On the face of the Complaint, Mr. Andro is a New Jersey domiciliary, Mr. Andro's handling of asbestos products occurred in New Jersey, Ms. Andro's alleged exposure to asbestos occurred in New Jersey, and Ms. Andro died in New Jersey.  "Although Defendant is a New York corporation, and has its principal place of business in Connecticut, no relevant actions, as alleged, took place in either of these states.  As the site of the alleged tortious conduct and injury, New Jersey has the greatest governmental interest and its law governs."  Bogerman v. Union Carbide Corp., No. 13-5247, 2013 WL 5674259, at *2 (D.N.J. Oct. 15, 2013).

Here, Plaintiffs filed their Complaint on July 16, 2013, approximately two years and nine months after Ms. Andro died on September 18, 2010. Accordingly, because Plaintiffs failed to file their Complaint within two years of Ms. Andro's death, their claims are barred by the statutes of limitations.

### B. Leave to Amend

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Here, to permit Plaintiffs to amend their Complaint would be futile because their claims are untimely. Thus, Plaintiffs' Complaint will be dismissed with prejudice. See Hartman v. Twp. of Readington, No. 02-2017, 2006 WL 3485995, at *3 (D.N.J. Nov. 30, 2006) ("Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile").

## IV. CONCLUSION

For the reasons stated above, the Court will grant UCC's motion to dismiss. An appropriate order shall issue today.

Dated:   4/8/2014                                                    s/ Robert B. Kugler
                                                                             ROBERT B. KUGLER
                                                                             United States District Judge